IN THE MATTER OF THE PETITION OF WILLIAM B. JACKSON for a Commission to lay out a Private Road in Mill Creek Hundred, New Castle County.

The proper time to object to the laying out of a private road is after the freeholders have made their report.

(*October 2, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.
*Walter H. Hayes* for the petitioner.
*Frank H. Hoffecker* contra.

Court of General Sessions, New Castle County, September Term, 1897.

A petition, in the usual form, for a private road in Mill Creek Hundred, having been filed by agreement between the counsel above named, Mr. Hayes appeared in court, October 2, and asked for the appointment of the freeholders.

*Mr. Hoffecker*: I ask that we be allowed a hearing before the freeholders are appointed. Our objection is that the petitioner is not the owner of the land for which he seeks an outlet through another's land. The question as to whether or not he is the legal owner is not such a question as the commission can pass upon, but is a question for the Court.

*Mr. Hayes*: It has been the uniform practice in this Court, that all questions of fact that arise by reason of this proceeding, come before the freeholders, and the questions are brought before the Court on exceptions to their report. The statute governing the matter is found in *Sections 5, 6, 7 and 38, Chap. 60, Rev. Code, (1874.)*

LORE, C. J.:—We understand there is no objection as to the sufficiency or regularity of any of the papers. On the face of this paper, the petitioner is clearly entitled to this commission. The time to object, it occurs to the Court, is when the return is made by the freeholders. You take your commission subject to the right of the other parties to except at that time.

The freeholders were then appointed by the Court.